FILED – SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB – 6 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TRUEBA, ) | Case No. CV 08-0766-ABC (RNB) |
| Plaintiff, ) | |
| vs. ) | ORDER TO SHOW CAUSE |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| Defendant. ) | |

It appears from the face of the Complaint that was filed herein on February 5, 2008 that plaintiff is seeking review of an unfavorable Appeals Council decision, notice of which was sent on April 20, 2007.

Section 205(g) of the Social Security Act affords a claimant "sixty days" from "mailing" of notice of the Commissioner's final decision or "such further time as the Commissioner of Social Security may allow" in which to commence a civil action. 42 U.S.C. § 405(g). "[T]he Congressional purpose, plainly evidenced in Section 205(g), [was] to impose a 60-day limitation upon judicial review of the Secretary's[1]

---

[1] Pursuant to P.L. No. 103-296, the Social Security Independence and Improvements Act of 1994, the function of the Secretary of Health and Human
(continued...)

1

1  final decision on the initial claim for benefits." <u>Califano v. Sanders</u>, 430 U.S. 99, 108,

2  97 S. Ct. 980, 51 L. Ed. 2d 192 (1977).  "In addition to it serving its customary

3  purpose, the statute of limitations embodied in § 405(g) is a mechanism by which

4  Congress was able to move cases to speedy resolution in a bureaucracy that processes

5  millions of claims annually." <u>Bowen v. City of New York</u>, 476 U.S. 467, 481, 106

6  S. Ct. 2022, 90 L. Ed. 2d 462 (1986).  The Ninth Circuit repeatedly has upheld the 60-

7  day statute of limitations, in affirming the dismissal of claims which were not timely

8  filed. <u>See, e.g.</u>, <u>Banta v. Sullivan</u>, 925 F.2d 343 (9th Cir. 1991); <u>Matlock v. Sullivan</u>,

9  908 F.2d 492 (9th Cir. 1990); <u>Peterson v. Califano</u>, 631 F.2d 628 (9th Cir. 1980).

10       Here, if measured from April 20, 2007, when the Complaint alleges that notice

11  of the Appeals Council decision was sent, plaintiff's federal filing deadline (including

12  the 5 additional days for service by mail) was June 25, 2007.  Thus, it appears from

13  the face of the Complaint that when it was filed herein on February 5, 2008, the

14  limitations period already had run.

15       Accordingly, on or before February 22, 2008, plaintiff is ORDERED to show

16  good cause in writing, if any exists, why the Court should not recommend that this

17  action be dismissed for untimeliness.

18

19  DATED: <u>February 6, 2008</u>

20

21  I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
   FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL

22  (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
   RECORD IN THIS ACTION ON THIS DATE.

        ROBERT N. BLOCK
        UNITED STATES MAGISTRATE JUDGE

23  DATED: 2-6-08

24  DEPUTY CLERK

25

26  _____

27  [1](...continued)
   Services was transferred to the Commissioner of Social Security effective March

28  31, 1995.